## WINSTON v. WINSTON.

(Court of Appeals of District of Columbia. Submitted February 15, 1921. Decided March 7, 1921.)

### No. 3460.

1. **Divorce ⬤≈62(2)—Three years' residence within district jurisdictional, where cause accrued outside.**

The requirements of Code of Law 1901, § 971, that complainant for divorce shall have been a bona fide resident of the District for at least three years, next before the application for divorce for any cause which shall have occurred outside of the District and prior to residence therein, is jurisdictional, and the bill must be dismissed, where the alleged causes of divorce all occurred outside the District, and there is no allegation that plaintiff had resided within the District for three years.

2. **Divorce ⬤≈91—Bill held to show matrimonial domicile outside of District.**

A bill alleging that plaintiff had resided within the District before her marriage to a naval officer, who was a resident of North Carolina, that after the marriage he was stationed in Pennsylvania and New York, and that the parties separated while they were in New York, where the causes for divorce occurred, clearly shows that the matrimonial domicile had never been established within the District, so that plaintiff lost her residence therein, and cannot have a divorce until she has reacquired a residence, which has continued for a sufficient period to confer jurisdiction upon the court.

3. **Divorce ⬤≈63—Wife can acquire domicile without reference to husband after separation.**

A wife, who separated from her husband, can return to the District, in which she formerly resided, and reacquire a domicile there sufficient to entitle her to maintain a bill for divorce, without reference to the domicile of her husband.

4. **Divorce ⬤≈65—Appearance or admission by defendant does not waive jurisdictional residence requirement.**

The requirement of three years' residence by a plaintiff for divorce for a cause arising outside the District is a jurisdictional one, which is not remedied by the appearance of the defendant, nor is the defendant precluded from raising the question by the admission in his answer.

Appeal from the Supreme Court of the District of Columbia.

Suit for limited divorce by Marie E. Winston against Hollis T. Winston. From a decree dismissing the bill, complainant appeals. Reversed and remanded, with directions to dismiss the bill.

George E. Sullivan and F. Sprigg Perry, both of Washington, D. C., for appellant.

J. V. Morgan, of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. This appeal is from a decree of the Supreme Court of the District of Columbia dismissing the bill of appellant, plaintiff, for a limited divorce.

At the outset, we are confronted with a question of jurisdiction fatal to plaintiff's case. She avers in the bill that—

"Plaintiff is a citizen of the United States, a resident of the city of Washington, District of Columbia, residing at present at No. 1825 Nineteenth

street Northwest, in said city and District, and brings this suit in her own right as hereinafter set forth as the wife of the above-named defendant, Hollis T. Winston."

[1] While defendant admits this averment, there is nothing to show that plaintiff had resided in the District of Columbia three years prior to filing her bill, or that the marital domicile had ever been in the District. Section 971 of the District Code provides as follows:

"No decree of nullity of marriage or divorce shall be rendered in favor of any one not a resident of the District of Columbia, and no divorce shall be decreed in favor of any person who has not been a bona fide resident of said District for at least three years next before the application therefor for any cause which shall have occurred out of said District and prior to residence therein."

The statute, it will be observed, contains two limitations upon the right of a party to maintain an action for limited divorce in this District: First, the plaintiff must be "a resident of the District of Columbia"; and, second, if the cause "occurred out of said District," before action will lie, the plaintiff must have "been a bona fide resident of said District for at least three years next before the application therefor." Plaintiff charges that the offenses of the husband upon which she bases her claim for relief were committed in Brooklyn. No offense is averred to have been committed within the District of Columbia; hence her case comes clearly within the three-year limitation of the statute. This is jurisdictional, and requires, not only an affirmative averment of the fact in the bill, but proof in support thereof. Wood v. Wood, 59 Ark. 441, 27 S. W. 641, 28 L. R. A. 157, 43 Am. St. Rep. 42; Miller v. Miller, 33 Fla. 453, 15 South. 222, 24 L. R. A. 137.

[2] Plaintiff avers in her bill that she and defendant were married in this District on September 1, 1917; that defendant was a naval officer assigned to duty at the Navy Yard, in Brooklyn, N. Y.; that immediately after their marriage they took up their residence in Brooklyn, and that it was from there that plaintiff, on March 20, 1918, left defendant, refusing longer to live with him. It also appears that defendant was born in North Carolina, and had lived there with his parents until the time of his appointment in the Naval Academy; that he is officially registered in the Navy as a resident of North Carolina; that, for several months prior to his marriage, he had been stationed in Brooklyn; and that at the time of the trial he was stationed in Philadelphia, Pa.

[3] It is unnecessary to determine whether the marital domicile in this case was in North Carolina or New York, since it is clear that it never was in the District of Columbia. It is not sufficient that, prior to her marriage, plaintiff had resided many years with her parents in the District of Columbia, and that, when she left her husband in Brooklyn, she returned here. Inasmuch as she and defendant went into another jurisdiction and acquired a domicile, it is necessary for her, upon her return, to reacquire a residence for sufficient period to confer jurisdiction upon the court to decree a divorce, which, in this instance, is three years. Harteau v. Harteau, 14 Pick. (Mass.) 181, 25 Am. Dec. 372. That plaintiff, however, could return here and ac-

quire such domicile without reference to the domicile of her husband is settled. Frary v. Frary, 10 N. H. 61, 32 Am. Dec. 395; Carty v. Carty, 70 W. Va. 146, 73 S. E. 310, 38 L. R. A. (N. S.) 297.

[4] Where the statute, as here, fixes the period for which a party applying for divorce shall have resided within the jurisdiction before filing a bill, the requirement is mandatory, and the court is without power to decree a divorce, unless it affirmatively appears that the plaintiff has actually resided within the jurisdiction the full time required by statute. Lawrence v. Nelson, 113 Iowa, 277, 85 N. W. 84, 57 L. R. A. 583; Bradfield v. Bradfield, 154 Mich. 115, 117 N. W. 588, 129 Am. St. Rep. 468. Even the appearance of defendant could not remedy the defect. Holton v. Holton, 64 Or. 290, 129 Pac. 532, 48 L. R. A. (N. S.) 779. Nor is defendant precluded from raising the question of jurisdiction by reason of the admission in his answer. Bradfield v. Bradfield, supra.

The decree of the lower court, dismissing the bill on the merits, is reversed, and the cause is remanded, with instructions to enter a decree dismissing the bill for the want of jurisdiction.

Reversed and remanded.

Mr. Justice STAFFORD, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.