Patricia Anne ROBINSON, Executrix, Plaintiff,

v.

John P. JORDAN, Peter J. Jordan, Norman B. Goldoff, Matthew Lucas, Ernest J. Mazzone, Defendants.

Civ. A. No. 61–99.

United States District Court
D. Massachusetts.

June 2, 1961.

John M. Hall, Choate, Hall & Stewart, Boston, Mass., for plaintiff.

Harry B. White, Boston, Mass., for defendants Jordan.

Andrew Goodspeed, Boston, Mass., for defendant Mazzone.

Paul R. Frederick, James A. Parrish, Boston, Mass., for defendants Cash, Lucas and Goldoff.

CAFFREY, District Judge.

### I. On Motion to Dismiss of Defendants John P. Jordan and Peter J. Jordan

The defendants John P. Jordan and Peter J. Jordan have filed a motion to dismiss based on the allegation that the plaintiff has instituted an action against them in the Superior Court of Suffolk County, Commonwealth of Massachusetts, predicated upon the same facts as the instant case, and that, therefore, plaintiff has brought two suits for the same cause of action. Since it is well established that a plaintiff may elect to bring suit for the same cause of action in two or more fora, and that a plaintiff may reduce one or more of these suits to final judgment but may only obtain satisfaction of one judgment for a particular cause of action, it is clear that the grounds stated in this motion afford no basis on which to successfully predicate a motion to dismiss. The motion is denied.

### II. On Motion to Dismiss of Defendant Peter J. Jordan

The defendant Peter J. Jordan has filed a separate motion to dismiss this action on the ground that the complaint fails to state a claim against him upon which relief can be granted. Paragraph 13 of Count 3 of the complaint alleges that "the motor vehicle (involved in this accident) * * * was owned by his father, this defendant Peter J. Jordan, and was being operated by the said John P. Jordan with the full knowledge, authority, consent and approval of this defendant Peter J. Jordan; that by reason thereof this defendant is responsible for the actions of said John P. Jordan as aforesaid." In support of the motion defendant contends that this Count is defective in that it fails to allege that the automobile was registered in the name of Peter J. Jordan.

It is abundantly clear that the quoted language in Paragraph 13 sets forth allegations which if proved would establish the liability of Peter J. Jordan to the plaintiff in the instant case. The motion is denied.

### III. On Motion of Defendant John P. Jordan to Expunge and for Further Answers

Defendant John P. Jordan has filed a motion to expunge and for further answers to interrogatories numbered 7, 13, 15, and 16.

As to Number 7, the words "negligently and at an excessive rate of speed" are stricken, since they are statements of a conclusion.

As to Number 13, the answer filed is stricken as non-responsive.

As to Number 15, the answer "See answer to Interrogatory 13" is stricken as non-responsive.

As to Number 16, the answer filed is stricken for the reason that it is expressed in a negative fashion rather than in a direct, responsive, and affirma-

tive manner as called for by the interrogatory. The plaintiff will file further answers to defendant John P. Jordan's interrogatories numbered 7, 13, 15, and 16.