430 P.2d 95

**Ruth Verlee COOMBES, Plaintiff-Appellant,**

v.

**Billy Dean COOMBES, Defendant-Respondent.**

No. 9928.

Supreme Court of Idaho.

July 18, 1967.

H. N. Jewell, Twin Falls, for appellant.

Belleisen & Galley, Twin Falls, for appellee.

SPEAR, Justice.

This appeal arises from a divorce action filed in the Twin Falls County district court. The case comes to this court for a determination of the correctness of an order entered by the lower court vacating and setting aside its judgment and decree of divorce in favor of appellant wife, Ruth Verlee Coombes, and against respondent husband, Billy Dean Coombes. Appellant filed for divorce on April 7, 1966; and the default judgment of divorce was granted the following June 10, 1966. Respondent moved to vacate the judgment and decree of divorce on June 28, 1966; and the order vacating the judgment and decree was entered on July 29, 1966.

The facts of this case may be briefly stated.

· Sometime in early 1966, appellant consulted Mr. Earl Walker, a Twin Falls attorney, concerning the matter of a divorce. Mr. Walker subsequently prepared and filed a complaint and summons in the district court of Gooding County, where the couple then resided, had the respondent served, discussed the divorce with the respondent, and later drew up a property settlement and child custody agreement which both parties signed.

Respondent, who was not represented by counsel, chose not to contest that action, and agreed to allow a default judgment to be entered against him in favor of appellant. Additionally, respondent agreed to pay appellant's attorney's fees in the amount of $250.00. This agreement was incorporated in the property settlement agreement.

However, thereafter appellant's attorney refused to schedule the case for default proof until paid his attorney's fees. At that time the parties were, and still are, in dire financial circumstances; and neither the husband nor wife were able to pay attorney's fees. Consequently Mr. Walker refused to prosecute the action further.

No further action has been taken in the Gooding County case.

Appellant next attempted to secure assistance from the Department of Public Assistance in order to obtain support for both herself and her young child. She was informed, however, that it would be necessary for her to take action against her husband, to secure support money either in the divorce action, or by criminal complaint. Consequently, about the middle of March, 1966, appellant contacted the office of the Prosecuting Attorney, Twin Falls County— where appellant and respondent each had separately moved. There she discussed the matter with her counsel herein, Mr. H. N. Jewell, who is a Deputy Prosecuting Attorney in that office.

Mr. Jewell contacted Mr. Walker by telephone and requested that the latter secure an order from the Gooding County district court requiring respondent to pay temporary support and attorney's fees in order that appellant might comply with the aforementioned requirements of the Department of Public Assistance. Some few days later, however, appellant returned to the office of the Twin Falls County Prosecuting Attorney, and reported that Mr. Walker had declined to seek such an order until paid his attorney's fees. Appellant was unable to provide this fee, and she was unable to secure the same from her husband without the court order. Appellant was then advised to return to Mr. Walker and request that he either proceed to secure the order for temporary support and attorney's fees or withdraw from the case, so that appellant could have a Gooding County attorney appear for her. She did so, but reported that Mr. Walker refused to proceed or withdraw. She then asked Mr. Walker to dismiss the case in Gooding County, and he again refused because he had not been paid his attorney's fees.

Thereafter, on April 7, 1966, Mr. Jewell, on behalf of the appellant, filed this present action for divorce in the Twin Falls County district court. On this same date, the summons and complaint were served upon respondent.

The next day both parties met with Mr. Jewell and executed a new property settlement and child custody agreement. Respondent further agreed to pay appellant's attorney's fees and costs in the amount of $200.00.

Respondent did not object to the filing of this divorce action, but willingly agreed to permit a default judgment of divorce to be entered against him in the Twin Falls County district court. Similarly, respondent did not object to the fact that appellant had secured the services of Mr. Jewell.

Mr. Jewell states that he informed respondent that he (the respondent) could defend either this case or the Gooding County case, that it was possible that respondent would be liable to both himself and Mr. Walker for attorney's fees, and that the respondent could secure the assistance of an attorney of his own choosing to represent him in this matter. Respondent does not specifically deny this, but states only that he believed that the prior Gooding County case had been dropped.

On June 10, 1966, appellant and appellant's counsel, Mr. Jewell, appeared before the Twin Falls County district court to present the default proof. Respondent was not in court. The default proof was heard and the decree of divorce was granted and signed that day. That same afternoon,

respondent contacted Mr. Jewell's office and was informed that the divorce had been granted. Thereafter on June 13, 1966 respondent remarried; respondent and his new wife have been, and are still, living together as husband and wife within the County of Twin Falls.

On or about June 16, 1966, respondent was served with a summons and complaint from the Twin Falls County justice court, in which Mr. Walker was claiming $250.00 attorney's fees and costs in connection with the Gooding County case. Respondent then sought his present legal counsel, and the motion to have the decree of divorce and default set aside and to have the entire action dismissed on the grounds that there was a prior action pending, was filed on June 28, 1966. It was admitted specifically by respondent at the hearing on the motion to vacate that he willingly had agreed to the divorce and only sought to contest it because of the civil action filed against him by Mr. Walker.

The district court set aside the divorce pursuant to Rule 60(b), (1), (6), I.R.C.P., providing relief from an order or judgment of a court upon the following grounds:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) * * * and (6) not more than six months in a district court * * * after the judgment, order, or proceeding was entered or taken * * *".

Pursuant to a motion by respondent, the court also dismissed the complaint filed by appellant, relying upon Rule 12(b) (8), I.R.C.P., which provides as follows:

"Every defense, in law or fact, to a claim for relief in any pleading, * * * shall be asserted in the responsive plead-ing thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (8) *another action pending between the same parties for the same cause.* A motion making any of these defenses shall be made before pleading if a further pleading is permitted." (emphasis supplied)

The lower court, additionally, ordered that all monies paid to appellant's counsel, Mr. Jewell, by the respondent for attorney's fees or costs in the action be returned to the respondent immediately.

The order of the district court setting aside the judgment and decree of divorce, dismissing the complaint, and ordering the return of the attorney's fees paid by respondent to Mr. Jewell must be reversed.

■ Respondent neither alleged nor proved a reason to cause the court to set aside the default and decree of divorce pursuant to Rule 60(b), (1), (6), set forth above. The only allegations set forth by respondent in respect thereof are with regard to the existence of the prior Gooding County case, and the fact that in both that and the Twin Falls case he was not represented by counsel. Neither are sufficient grounds to set aside the judgment pursuant to Rule 60(b) in this case for: (a) respondent was fully aware of the existence of the prior Gooding County case at all times during the pendency of the second case; (b) respondent had no desire to defend or appear in either case; and (c) respondent had no desire to defend the second case on the grounds of the pendency of the prior case *until he was sued by Mr. Walker for the attorney's fees he had earlier agreed to pay Mr. Walker*—respondent, in fact, accepted the benefits of the Twin Falls County divorce decree by marrying again as soon as he knew the divorce had been granted and would therefore be estopped from attacking the decree. Miller v. Miller, 88 Idaho 57, 396 P.2d 476.

■ Consequently there was no mistake, inadvertence, surprise or excusable

neglect such as might be expected on the part of a reasonably prudent person within the contemplation of subsection (1), Rule 60(b). Cf. Crumley v. Minden, 80 Idaho 391, 331 P.2d 275; Johnson v. Noland, 78 Idaho 642, 308 P.2d 588. Subsection (6), I.R.C.P. 60(b) provides relief for any other *"reason justifying relief"* from the operation of the judgment. While this gives the district court broad power to grant relief where there is a reason justifying the relief, the burden is still on the moving party to show a *valid reason* for setting aside the default. Here there was none. We conclude the trial court abused its discretion under I.R.C.P. 60(b) (1) and (6), and therefore find it was erroneous for the trial court to have vacated this decree and judgment of divorce.

■ Similarly, the district court erroneously dismissed the complaint pursuant to I.R.C.P. 12(b) (8), for the motion was never timely made. Cf. Bedwell v. Bedwell, 68 Idaho 405, 195 P.2d 1001.

From the foregoing it follows the court also erroneously ordered that respondent be returned the attorney's fees which had been paid Mr. Jewell for the prosecution of the action filed in Twin Falls County.

■ The order of July 29, 1966, vacating and setting aside the divorce judgment, dismissing the action, and ordering return of all monies for attorney's fees and costs to respondent is reversed and vacated *in toto*. Concerning the allowance of temporary child support and attorney's fees on this appeal, it must be noted the motion to set aside the divorce decree was filed on June 28th and granted on July 29, 1966. Notice of appeal was filed by appellant on August 10th and her motion for temporary support, attorney's fees and costs on appeal was filed with the district court on August 11, 1966. After hearing thereon this motion was denied by the district court. Appellant then petitioned this court for temporary support allowance, attorney's fees and costs, such petition being filed on January 16, 1967. By stipulation by attorneys for the parties filed January 18, 1967 it was agreed that the time for filing appellant's typewritten brief should be extended to a date 30 days after a decision by the supreme court on the petition for allowance, attorney's fees and costs. The court ordered extension until the 6th of March, 1967, and deferred any ruling on the petition for allowances, attorney's fees and costs until the cause could be heard on its merits. Appellant's brief was filed on the 6th day of March, 1967. Under these circumstances appellant is awarded $50.00 per month minor child support from respondent during the pendency of this appeal, $350.00 attorney's fees, and costs.

TAYLOR, C. J., and SMITH, McQUADE and McFADDEN, JJ., concur.