460 P.2d 396

**J. Allan WILLIS, Plaintiff-Respondent,**

v.

**Margaret A. WILLIS, Defendant-Appellant.**

No. 10363.

Supreme Court of Idaho.

Oct. 23, 1969.

Rayborn, Rayborn, Webb & Pike, Twin Falls, for appellant.

Cosho & Humphrey, Boise, for respondent.

SPEAR, Justice.

This is an action to set aside a decree of divorce granted to respondent-husband on April 22, 1967. The motion to vacate the judgment and decree was filed by appellant on October 11, 1967, just a few days prior to the expiration of six months after entry of the decree. The motion was based on "fraud of the defendant (respondent) and fraud upon the court." Respondent moved to quash the motion to vacate. Both parties based their motions upon affidavits and after hearing thereon the court denied the motion to vacate and granted the motion to quash. From this order this appeal was perfected.

The appellant and respondent were married in New York on February 10, 1951 and lived together in Rochester, New York, until their separation on April 10, 1965. Respondent was an attorney at law with his office in Rochester. On August 9, 1966, respondent left Rochester and came to Boise, Idaho, where he rented an apartment. While he lived in Boise he maintained his Rochester law office and telephone listings, his legal secretary, and his apartment, filed for a renewal of his notary public's license for which he claimed to be a New York resident, and made a written application for the renewal of his automobile license in New York, stating that his legal address was "65 Broad Street, Rochester, New York."

On September 22, 1966, six weeks and two days after his arrival in Idaho, respondent filed for divorce alleging Idaho residence and domicile. The appellant retained Idaho counsel to represent her, and said counsel appeared for her in a hearing on January 6, 1967 at which she was awarded $460.00 per month temporary alimony, $2,500.00 for attorney's fees, and a trial date was set for the divorce action.

On April 17, 1967, the day before the trial, appellant, while in Idaho and with the advice of Idaho counsel, agreed to a property settlement in which she was to receive certain property and $40,000.00 in cash. At the trial both parties were repre-

sented by counsel but only the respondent appeared personally. Appellant made no defense, the property settlement was entered into evidence and the court granted the divorce, but, upon motion of appellant, conditioned the entry of the final decree on the payment of the $40,000.00 to the appellant by the respondent, the other property already having been deeded or delivered to her. Respondent paid the money and the final decree was entered April 22, 1967.

A few weeks later respondent checked out of his Boise apartment and went to Salt Lake City, Utah. From there he drove directly to Rochester for the purpose of visiting his aunt, who was near death, and also to clear up some business matters. He resumed his law practice in Rochester to phase it out, and lived in his old apartment. He married a mutual acquaintance and contemporary of the parties on September 16, 1967 and since her home was in New York decided to continue to live there.

On October 11, 1967, the appellant filed her motion to vacate the divorce decree. In her supporting affidavits she charged that the respondent never intended to establish a domicile in Idaho, and that by representing himself as an Idaho domiciliary, he perpetrated a fraud upon the court and a fraud upon her because her belief in his allegations of domicile led her to agree to a property settlement which was grossly inadequate in her behalf.

Appellant's only assignment of error is that the district court erred in denying her motion to vacate the divorce decree on the ground that respondent committed a fraud upon her and upon the court by falsely claiming domicile in Idaho. Her motion to vacate the decree was brought under two separate sections of Rule 60(b) I.R.C.P., which provides that the court may relieve a party from a judgment: (1) under 60(b) (3) for "fraud (whether heretofore denominated intrinsic or extrinsic)", and (2) under a portion of the last sentence of 60(b), empowering the court "to set aside a judgment for fraud upon the court."

■ In Robinson v. Robinson, 70 Idaho 122, 212 P.2d 1031 (1949), the court defined extrinsic fraud as being fraud "by which the aggrieved party has been prejudiced, or prevented from having a fair trial," and intrinsic fraud as being fraud "which is involved in the issues tried, such as the presentation of perjured testimony." Completing the categorization of the different species of frauds specified in Rule 60(b), we next consider "fraud upon the court." In the case of Telfair v. Greyhound Corporation, 89 Idaho 385, 404 P.2d 875 (1965), this court discussed what constituted a fraud upon the court and cited with approval several opinions which defined the phrase. Fraud is perpetrated upon the court where the unsuccessful party has been prevented by fraud or deception from presenting all of his case to the court, United States v. Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878), or where an unconscionable plan or scheme was used to improperly influence the court in its decision. England v. Doyle, 281 F.2d 304 (9 Cir. 1960).

In considering whether any fraud was perpetrated upon the court, we need only determine whether appellant was denied the opportunity to present her case, since there is no allegation in this case of an unconscionable plan or scheme to influence the court.

Appellant contends that she was "severely prejudiced" by respondent's allegedly false claim to domicile and was unable to present her entire case because all of the proof and witnesses as to the property owned by her and respondent were in New York. She claims that thereby she was compelled to make the best property settlement she could, which was grossly inadequate in her behalf, rather than proceed to trial without her evidence and witnesses.

■ However appellant presented no evidence of any actions which prevented her from fully presenting her case, and it is undisputed that she was represented at all times by counsel during the various proceedings. On January 6, 1967 a hearing was held on appellant's motion, her attorney appeared in her behalf, and the court awarded her temporary alimony and attorney's fees. It was not until April 18, 1967, 3 months and 12 days later, that the divorce trial was held. This provided opportunity for appellant to take respondent's deposition and also the depositions of any witnesses who lived in New York, depositions which interestingly enough, she did, in fact, take *after* the trial. On April 17, 1967, while represented by counsel and knowing full well the amount of property owned by herself and respondent, appellant signed a property settlement. At the trial appellant made no objection to admitting the property settlement into evidence. Indeed, she specifically acknowledged it by asking the court to delay signing the divorce decree until she received the amount due her under the property settlement. At the trial respondent testified extensively as to his domicile and actions in Idaho and such domicile was regularly corroborated by an independent witness in compliance with the provisions of I.C. § 32–703. Appellant did not testify nor offer any evidence in opposition to this testimony and evidence on the issue of domicile, despite the fact that many, if not most, of the factual incidents upon which appellant relies to prove that respondent did not intend to establish domicile in Idaho occurred prior to trial. Furthermore, appellant did not even cross-examine respondent on the issue of domicile. Thus appellant had ample opportunity to present her case to the court, and if she did not, it was caused by her own failure and neglect to diligently investigate and prosecute her defense to the divorce, and not by the respondent's claim of domicile, whether true or false, nor by any unconscionable plan to influence the court. Therefore appellant failed to establish any fraud on the court.

■ Whether the respondent established a domicile in Idaho was a question of fact to be determined by the trial court based on a finding of the respondent's subjective intent, and since such finding (necessarily made though formal Findings of Fact were

waived) was not appealed from, it is conclusive as between the parties under the doctrine of res judicata in the absence of fraud. Robinson v. Robinson, supra. The same reasoning applies to the requisite statutory residence of respondent under I.C. § 32–701. This is clearly pointed out in this portion of *Robinson*:

"The respondent in this proceeding seeks to void the decree both on the ground that the court was without jurisdiction, and that the statutory requirement of six weeks residence was not shown. As to the first it is asserted that he did not establish a domicil in Idaho because the necessary intent does not appear. When the complaint was filed and service had, it became necessary for the court to entertain the suit to the extent of determining whether it had jurisdiction of the res. That is, the court was required to determine whether plaintiff had established a domicil in Idaho. The district court has inherent power to pass upon its own jurisdiction. Williams v. Sherman, 36 Idaho 494, 212 P. 971; Haines v. State Ins. Fund, 65 Idaho 450, 145 P.2d 833; Texas & P. R. Co. v. Gulf, C. & S. F. R. Co., 270 U.S. 266, 46 S.Ct. 263, 70 L.Ed. 578. If the court determines that it has jurisdiction it will proceed to try other issues raised and enter judgment. If it determines that it does not have jurisdiction it will not try the other issues, but will dismiss the action without judgment on the merits. Winston v. Winston, 50 App.D.C. 321, 271 F. 551. In this case the court determined from the evidence produced by plaintiff that he had established a domicil in Idaho. It also found from the evidence that such residence had continued for the statutory time required, and that the ground for divorce alleged had been proven. Upon these findings the conclusion was reached that plaintiff was entitled to a divorce, and decree was accordingly entered. Now, after nine months from the close of the term, defendant sought and obtained a retrial of the issues as to jurisdiction and residence.

"One of the oldest and most universally accepted juridical principles is that embraced in the doctrine of res judicata. In the absence of fraud or collusion a judgment is conclusive as between the parties and their privies on all issues which were (or should have been) litigated in the action. The principle is equally applicable in cases of judgment by default. King v. Richardson, 54 Idaho 420, 33 P.2d 1070; Last Chance Mining Co. v. Tyler Min. Co., 157 U.S. 683, 15 S.Ct. 733, 39 L.Ed. 859, 50 C.J.S. Judgments §§ 631, 706, pp. 57, 162. The rule in such cases is that the parties are concluded on all issues necessary to support the judgment. Here the issues as to domicil and duration of residence are essential to the judgment." 70 Idaho at pp. 127–128, 212 P.2d at p. 1034–1035.

Also see concurring opinion in Bair v. Bair, 91 Idaho 30, 415 P.2d 673 (1966).

Appellant also contends that respondent perjured himself by falsely claiming domicile, and such action constitutes intrinsic fraud under Rule 60(b) (3) I.R.C.P. In the Robinson case, the court stated it was not sufficient to charge only intrinsic fraud, "or that which is involved in the issues tried, such as the presentation of perjured testimony" to invalidate a judgment. However, the Robinson case was decided in 1949, prior to the adoption of the Idaho Rules of Civil Procedure in 1958, and thus, presently under Rule 60(b) (3), a judgment *may* be vacated for either intrinsic or extrinsic fraud.

The type of perjured testimony necessary to constitute intrinsic fraud sufficient to vacate a final judgment was specified in the oft-quoted case of Shammas v. Shammas, 9 N.J. 321, 88 A.2d 204 at page 208 (1952) with Judge (now U.S. Supreme Court Justice) Brennan speaking for the court:

"* * * Perjured testimony that warrants disturbance of a final judgment must be shown by clear, convincing and satisfactory evidence to have been, not false merely, but to have been wilfully

and purposely falsely given, and to have been material to the issue tried and not merely cumulative but probably to have controlled the result. Further, a party seeking to be relieved from the judgment must show that the falsity of the testimony could not have been discovered by reasonable diligence in time to offset it at the trial or that for other good reason the failure to use diligence is in all the circumstances not a bar to relief. Balip Automotive Repairs, Inc. v. Atlantic Casualty Ins. Co., supra [7 N.J. 152, 81 A.2d 9]. * * *"

See also 3 Barron & Holtzoff, Federal Practice & Procedure, § 1326, p. 411 in discussing Rule 60.

A determination of the existence of the intrinsic fraud sufficient to set aside a decree is discretionary with the trial court governed by sound legal discretion, and its decision thereon will not be set aside on appeal except for abuse of discretion. Arnett v. Throop, 75 Idaho 331, 272 P.2d 308 (1954); 3 Barron & Holtzoff, Federal Practice and Procedure, § 1323, pp. 395 and 397; Atchison, T. & S. F. R. Co. v. Barrett, 246 F.2d 846 (9th Cir. 1957). Appellant failed to establish, by clear and convincing evidence, that respondent perjured himself when he testified as to his subjective intent concerning domicile when he came to Idaho, and the trial court did not abuse its discretion in denying her motion to set the judgment aside.

Additionally, appellant has accepted all the benefits of the divorce decree and the provisions of the property settlement agreement. So far as the record is concerned there is no showing she made any offer or tender to restore or return any of the property or funds, except upon a court ordered rescission of the agreement and under such circumstances the court looks with disfavor upon a motion for relief under Rule 60(b). Coombes v. Coombes, 91 Idaho 729, 430 P.2d 95 (1967).

Order denying the motion to set aside the decree and judgment and granting the motion to quash is affirmed. Costs to respondent.

McFADDEN, C. J., and McQUADE, DONALDSON and SHEPARD, JJ., concur.