Richard Lynn BOOTH d/b/a Contract Interior Design, Appellant (Defendant below),

v.

MAGEE CARPET COMPANY, a corporation, Appellee (Plaintiff below).

No. 4516.

Supreme Court of Wyoming.

April 23, 1976.

Rehearing Denied June 2, 1976.

Juan L. DeHerrera and Philip P. Why-nott of DeHerrera & Whynott, Cheyenne, for appellant.

John G. Hanes of Hanes, Carmichael, Gage & Speight, Cheyenne, for appellee.

Before GUTHRIE, C. J., McCLINTOCK, THOMAS and ROSE, JJ., and ARMSTRONG, D. J. Retired.

GUTHRIE, Chief Justice.

Appellant prosecutes this appeal from an order of the trial court denying his motion to set aside a default and default judgment entered against him.

Appellee herein, Magee Carpet Company, filed its complaint in the District Court of Laramie County on June 11, 1974, naming as the defendant Contract Interior Design, and caused a summons to be served on Contract Interior Design in Salt Lake City. The summons and a copy of the complaint were received by the defendant on June 14. On June 14 plaintiff filed its amended complaint naming this appellant, doing business as Contract Interior Design, as defendant, and caused a summons to be issued thereon. The summons and a copy of the complaint were directed by registered mail to appellant in Salt Lake City, and he received them on June 27, 1974. Service was proved as required by Rules 4($l$)(2) and 4(m)(iii), W.R.C.P. This service was based on § 5–4.2, W.S.1957, 1975 Cum. Supp., being described as "a claim for relief arising from the defendant contracting to supply services or things in this state, to-wit: installing carpeting in the State Office Building, Cheyenne, Wyoming."

Nothing further transpired until August 20 when Gary A. Weston, an attorney admitted to practice in Utah, who had been retained on August 19, 1974, telephoned the office of John G. Hanes, plaintiff's attorney. Hanes was out of his office and did not receive this call, but on August 20 Weston talked to Hanes, advising him of his desire to file an answer, and asked if a default had been entered and if it had not been whether Hanes would give him a reasonable time to file the answer. Hanes advised him that because of his absence he did not know if a default had been entered and if it had not been would ask his client for instructions. Weston immediately called the clerk of the district court and was advised that default had not yet been entered. Thereafter Hanes called Weston and told him that although default had not been entered he had been directed by his client to enter the default immediately and that he had done so. On August 27 judgment was entered against appellant based upon the default, and the following day Hanes directed a letter to Weston, which he received on August 30, enclosing a copy of the judgment entered in the matter. Thereafter, on October 7, appellant filed his motion to set aside entry of default and default judgment, which after its submission upon the affidavits and briefs was denied by the trial court.

The appellant, in pursuit of this appeal, tenders the following as the basis therefor:

"That the District Court errored [sic] in deciding that the Appellant had not made an appearance and was therefore not entitled to the three day written notice requirement of Rule 55(b)(2) Wyoming Rule of Civil Procedure.

"That District Court errored [sic] in deciding that the Appellant had not established good cause and meritorious defense to have the Default Judgment set aside.

"That the District Court errored [sic] in deciding that proper service was made on Appellant when the issue was subject matter jurisdiction and venue."

Examination must first be made of appellant's contention that under the facts in this case such an appearance had been made that it was necessary to give three days' notice of the entry of default under Rule 55(b)(2), W.R.C.P. Although appellee argues that because Weston is not a member of the Wyoming Bar he could not make an appearance as contemplated by that rule, we find it unnecessary to determine that question in our disposal. We find no authority cited by appellant which we believe applicable to the factual situation in this case. He makes principal reliance upon the case of *H. F. Livermore Corporation v. Aktiengesellschaft Gebruder Loepfe*, 139 U.S.App.D.C. 256, 432 F.2d 689, which he contends is particularly applicable and is authority for the position which would force us to hold that appellant had made such appearance under the contemplation of Rule 55(b)(2). We might dismiss this contention with the succinct statement that the facts make it inapplicable, but we will summarily point out factual distinctions.

First, the letter upon which the Livermore holding is based was mailed prior to the answer date and received one day after the answer was due, as contrasted in this case to a telephone communication 23 days after such answer date. In Livermore there had been negotiations between the parties with suggestions of the plaintiff that it was willing to discuss certain materials upon which the suit was based. There is no such evidence here as appellant's afffidavit recognized the impossibility of settlement, and in this case appellee certainly had held out no such hope, which is evidenced by plaintiff's affidavit. The case cited in Livermore in support of this proposition, being *Dalminter, Inc., v. Jessie Edwards, Inc.*, D.C.Tex., 27 F.R.D. 491, is in no manner applicable in this case because the court therein construed a letter mailed prior to the answer date and received by plaintiff's attorney prior to that date as an answer because it set out matters constituting a defense, 27 F.R.D. 493.

*Hutton v. Fisher*, 3 Cir., 359 F.2d 913, also cited by the court in Livermore and here by the appellant, involves only a stipulation for time to answer made by one member of plaintiff's firm of attorneys with entry of default being made by another member of the firm unfamiliar with the stipulation for further time. In our view, none of these authorities can be applied to the instant factual situation.

In connection with appellant's second ground, it is to be observed that an appeal from a refusal of the trial court to set aside a default or a default judgment entails an examination of the exercise of the court's discretion, *Rim Group v. Mountain Mesa Uranium Corporation*, 78 Wyo. 204, 321 P.2d 229, 231, rehearing denied 323 P.2d 939, cited with approval in connection with a motion for a new trial in *Big Horn Rural Electric Company v. Pacific Power & Light Company*, Wyo., 397 P.2d 455, 462. This discretion must be exercised with due regard to certain standards, *Westring v. Cheyenne National Bank*, Wyo., 393 P.2d 119, 122, which case suggests that under certain conditions which constitute a mistake, unavoidable casualty, or misfortune, preventing the defense of an action, the default judgment should be set aside. We find no such elements here. Booth states that he did not employ an attorney until August 19, and it is confirmed in the affidavit of the attorney that he was retained on that date. The record reveals that he received the original complaint and summons by registered mail on June 14, after plaintiff had filed the amended complaint changing only the designation of the parties, which was served by registered mail upon appellant and received by him on June 27. Appellant thus had notice that appellee was asserting its claim as early as June 14, and after receiving the summons and amended complaint on June 27 he continued inactive for 53 days, or 23 days past the period in which the summons advised him he must answer the complaint. The only explanation was that he "thought that the suit had

resulted from a misunderstanding which could be straightened out without a judicial adjudication." Then follows the most inexplicable and amazing contradiction in his own affidavit, wherein he sets out:

"*THAT* on or about Jan 25th 1974 I made a trip to California to explain to James Magee, President and other officers of Magee Carpet Company that the amount sued on resulted from their failure to inform me of a price increase before the same went into effect as they through their territorial manager, Fred Hansen had agreed to do.

"*THAT* after I discussed the matter with Mr. James Magee and others that I realized that it was futile to attempt to resolve the matter without going to Court so I employed an attorney to advise me accordingly."

These statements reveal that five months prior to the receipt of the complaint he realized that the matter could not be settled. Being in possession of this knowledge and without further explanation, we cannot find, nor can we say how any trial judge could have found, he was anything but careless or negligent in this matter. The record does not sustain any element or claim of surprise, mistake, or unavoidable casualty or misfortune. Although we adhere firmly to the principle that default judgments are not favored, *Westring v. Cheyenne National Bank*, supra, a trial court should not set such judgment aside without exercise of its discretion and must consider the factual behavior of the parties.

The right to have a default or default judgment set aside is not absolute in light of Rule 55(c), which provides that good cause be shown to enable the court to set aside a default and further requires that default judgments should be set aside in accordance with Rule 60(d),[1] which rule

insofar as applicable to this matter makes the basis of setting aside such a judgment "mistake, inadvertence, surprise, or excusable neglect" and one of these factors must be presented if appellant is to have such relief. There is no suggestion in this matter of mistake, inadvertence or surprise but only an obvious one of neglect, which must be excusable if appellant is to prevail. Excusable neglect has been defined as such behavior as might be the act of a reasonably prudent person under the circumstances, *State ex rel. Husky v. Oaks*, 3 Ariz.App. 174, 412 P.2d 743, 746; *Haenichen v. Worthington*, 9 Ariz.App. 83, 449 P.2d 319, 323; *Coombes v. Coombes*, 91 Idaho 729, 430 P.2d 95, 98. It is impossible for this court to equate this unexplained delay in obtaining an attorney with the actions of a reasonably prudent man, and in face of the trial court's denial of the motion we think the same finding is implicit in his order. Thus we find no abuse of discretion by the trial court in denying this motion.

Because of our view of this case, it is unnecessary to decide whether appellant, by way of his answer, established a meritorious defense.

■ In confronting appellant's third assertion of error, we find some difficulty in determining the nature of appellant's claim. The hardships and unfairness of this case having been filed in this state rather than in Utah, which is the residence of defendant, are pointed out in the brief. The only interpretation we can place thereon is that this must be construed as an objection based upon the doctrine of forum non conveniens. If this is appellant's argument, there is apparently some confusion since the doctrine of forum non conveniens does not directly involve jurisdiction, because whether a case should be dismissed under this doctrine lies within the discretion of the trial court,[2] *Plum v. Tampax, Inc.*, 402

---

1. This is a misprint in the rules and refers to 60(b), W.R.C.P., there being no subparagraph (d).

2. Because this question has not been presented and is not necessary of decision, we do not decide whether a trial court in this state can dismiss a suit in reliance upon the doctrine of forum non conveniens.

Pa. 616, 168 A.2d 315, 90 A.L.R.2d 1105, 1108, certiorari denied 368 U.S. 826, 82 S. Ct. 46, 7 L.Ed.2d 30; *St. Louis-San Francisco Ry. Co. v. Superior Court, Creek County*, Okl., 276 P.2d 773, 775; *Giseburt v. Chicago, Burlington and Quincy Railroad Company*, 45 Ill.App.2d 262, 195 N.E. 2d 746, 748; *Price v. Atchison, T. & S. F. Ry. Co.*, 42 Cal.2d 577, 268 P.2d 457, 459, 43 A.L.R.2d 756, certiorari denied 348 U.S. 839, 75 S.Ct. 44, 99 L.Ed. 661. The matter never having been submitted to the trial court, it should require no citation to demonstrate that an appellate court cannot review an exercise of discretion by the trial court.

■ Appellant asserts in his brief that "The real issue was whether the Court had subject matter jurisdiction over a contract consummated either in Salt Lake City, Utah where the order was placed or Bloomfield, Pennsylvania where the order was accepted." The only authority cited by appellant in his brief upon that question is § 17–36.113, W.S.1957, which prohibits the maintenance of any action by a foreign corporation until it shall have obtained a proper certificate of authority. States cannot deny a forum to corporate claimants who seek to enforce obligations arising under a contract which involves an interstate transaction, *Allenburg Cotton Company v. Pittman*, 419 U.S. 20, 95 S.Ct. 260, 267, 42 L.Ed.2d 195.

■ Insofar as subject-matter jurisdiction is concerned, the general rule is that when a suit is based upon a contract, as in this case, the action is transitory and may be determined by any court which can obtain jurisdiction on the person without regard to its place of execution or performance, *Wetzel County Savings and Loan Company v. Stern Bros., Inc.*, W.Va., 195 S.E.2d 732, 736; *Brower v. Sevier*, 264 App.Div. 867, 35 N.Y.S.2d 521, 522; 20 Am.Jur.2d, Courts, § 126, p. 480; 21 C.J.S. Courts § 41, p. 48. In this context, we will examine the meaning of jurisdiction of the subject matter, which has been clearly defined in the case of *Murrell v. Stock Growers' Nat. Bank of Cheyenne*, 10 Cir., 74 F.2d 827, 831, in this manner:

> "Jurisdiction of the subject-matter is the power to hear and determine cases of the general class to which the proceedings in question belong. * * *"

It has also been defined in *Padlock Ranch v. Washakie Needles Irr. Dist.*, 50 Wyo. 253, 61 P.2d 410, 411.

■ Nowhere in plaintiff's brief or argument do we find any denial or contention that this claim did not arise from the defendant's "contracting to supply services or things in this state" because the carpeting was ordered for installation in the "State Office Building," which was in the contemplation of both parties at the time the carpeting was bought. Nor is there any claim that defendant did not receive and install such carpeting in completing his contract with the State of Wyoming. Certainly appellant here had substantial contacts with the forum.

Affirmed.

RAPER, J., took no part in the consideration or decision of the case.