713 P.2d 445

**Kathryn SIMONOVICH,
Plaintiff-Respondent,**

v.

**Jasper A. SIMONOVICH,
Defendant-Appellant.**

**No. 15722.**

Court of Appeals of Idaho.

Nov. 1, 1985.

Everett D. Hofmeister, Coeur d'Alene, for appellant.

S.E. Anne Solomon, Coeur d'Alene, for respondent.

BURNETT, Judge.

The marriage of Jasper and Kathryn Simonovich ended in divorce. Thereafter, the husband sought relief from the divorce decree under I.R.C.P. 60(b). He asserted that newly discovered evidence revealed a fraud upon the court. A magistrate declined to set aside the decree. The husband appeal-ed. The district court affirmed and the husband appealed again. The sole issue now before us is the same question decided by the district court: whether the magistrate erred in refusing to grant relief. We hold that he did not.

■ Truth-seeking lies at the heart of the judicial process. But when a judgment has been duly entered, another important objective—finality in resolving disputes—must be weighed in the balance. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 70, comment a (1982). Thus, when a party seeks relief from a judgment under Rule 60(b)(2) (newly discovered evidence), or under Rule 60(b)(3) (fraud), he must do more than simply offer new information. He must also show that such information is material to the outcome of the case. A judgment will not be set aside for newly discovered evidence unless the result is likely to change. *E.g., Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361 (10th Cir.1982) (applying identical federal rule). Neither will a judgment be vacated for fraud if the result would remain the same. *Willis v. Willis*, 93 Idaho 261, 460 P.2d 396 (1969).

■ Here, in support of his motion to set aside the decree, the husband showed that the wife had misled the court by falsely stating she "had nothing to do with" a resale of the parties' mobile home after it was repossessed. In fact, the mobile home was resold to a close friend of the wife. The transaction may have been a "friendly" one. But the husband's proof went no further. He failed to show how the divorce decree would be affected by this new information. He presented no evidence that the mobile home had a value in excess of the obligation owed on it. Absent such proof the mobile home could not have been regarded as a net asset to the marital community. Consequently, its disposition following repossession—by "friendly" resale or otherwise—was not material to a division of the parties' community property.

The husband also has challenged an award of corporate stock to the wife. It is

undisputed that the stock originally was the husband's separate property. However, in the divorce decree, the magistrate found that the husband had transferred the stock to his wife in an effort to frustrate creditors. Subsequently, she attempted to return the stock, but she testified that she had done so under duress. In any event, she failed to take all steps legally required to transfer the stock back to the husband. The magistrate concluded that the stock was still the wife's property. This conclusion is now the law of the case, the time for appealing the decree having long since expired.

■ The husband argues that the wife's misleading statement about the mobile home casts suspicion upon her claim that she acted under duress in attempting to return the stock. But even if this were true, it would not affect the divorce decree. The magistrate ruled that the attempted retransfer was legally defective. The wife's state of mind is now immaterial. The husband, again, simply has failed to meet his burden of showing how the new information would change the result. Accordingly, we agree with the district court that the magistrate properly declined to set aside the decree.

■ The wife has requested an award of attorney fees, contending that the appeal was brought "unreasonably and without foundation." This contention appears to invoke I.C. § 12–121. Under that statute, which applies generally to any civil appeal, we will award attorney fees if we are left with an abiding belief that the appeal was brought frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). Here, the magistrate ruled that the wife's testimony about the mobile home was "collateral to the primary issues in the case and certainly did not control the result." This ruling was affirmed by the district judge, who concluded that the husband had "failed to establish the necessary elements" for relief. We have said essentially the same thing today. The inadequacy of the husband's proof in support of his Rule 60(b) motion is readily apparent. This appeal was brought without foundation. The wife is entitled to a reasonable attorney fee award.

We recognize, of course, that awards of costs and attorney fees in domestic relations cases are governed by additional criteria prescribed in I.C. §§ 32–704(2) and 32–705. Therefore, in determining the amount of the award in this case, we will consider such criteria, to the extent applicable, together with the factors set forth in I.R.C.P. 54(e)(3).

The decision of the district court, upholding the order denying relief under Rule 60(b), is affirmed. Costs and attorney fees on appeal to the respondent.

WALTERS, C.J., and SWANSTROM, J., concur.