## Twentieth Street Bank v. Diehl.

(Decided May 31, 1935.)

BARBOUR & BASSMANN for appellant.

OSCAR H. FORSTER for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment denying the relief prayed in the petition in an action against a married woman, surety on a note. The facts are not disputed and are included in an agreed statement.

Plaintiff, who is the appellant here, is a bank incorporated under the laws of West Virginia. The note sued on was prepared on a printed form by the plaintiff at its home office in Huntington, W. Va. It was there signed by the maker, S. C. Humphreys, and was by him mailed to the defendant, Hattie M. Diehl, at her residence in Dayton, Ky. With the note was inclosed an envelope, stamped and addressed to the plaintiff in Huntington. Upon receipt of the note, defendant placed her signature thereon, as surety for S. C. Humphreys, and mailed it to the plaintiff in the stamped and addressed envelope. Plaintiff notified the maker of the receipt of the note, and he came to the bank and was loaned $1,000, the face amount of the note. Upon de-

fault in the payment, this action was filed against Mrs. Diehl.

It is agreed that under the law of West Virginia a married woman may contract and become a surety in the same manner as a feme sole. Defendant, however, pleads and relies upon section 2127 of our Statutes, prohibiting a married woman from acting as surety for another without setting apart a portion of her estate for that purpose. The note in question was made payable at the plaintiff's banking house in Huntington, W. Va. The only question, therefore, with which we are concerned is whether or not defendant's liability is to be ascertained under the law of Kentucky or under the law of West Virginia.

It is contended on behalf of Mrs. Diehl that the contract was, as to her, complete upon the execution of the note in Kentucky and the placing of it in the mails in a properly addressed envelope, postage prepaid. She relies upon the delivery through the mails as a Kentucky delivery, as distinguished from the situation presented in Barbee & Co. v. Bevins, Hopkins & Co., 176 Ky. 113, 195 S. W. 154, which, without that distinguishing feature, is in all essential respects analogous to this case in its facts.

We had occasion to reiterate the principles announced in the Barbee & Co. Case in the recent case of Deins' Adm'r v. Gibbs, 257 Ky. 469, 78 S. W. (2d) 346.

If Mrs. Diehl had returned the note here involved to the maker and he in turn had delivered it to the bank, the case would be controlled by Barbee & Co. v. Bevins, Hopkins & Co., supra, and Deins' Adm'r v. Gibbs, supra. Does the fact that the note was mailed direct to the bank make any difference in the result? We think not. In the Restatement of the Law of Conflict of Laws, sec. 320, it is said:

"When a bill of exchange or promissory note is drawn, made or indorsed for the accommodation of the person to whom it is given by the accommodating party, the place of contracting is where it is first delivered for value to a third person."

The comment on this section is as follows:

"Since value is necessary to the validity of commercial paper, no contract is made until value is given; and in the case of accommodation paper this

occurs only when the instrument is delivered for value to some third person.''

It is agreed in the instant case that no value passed until after the note was received by the plaintiff at Huntington. Defendant's suretyship was inchoate until given vitality through the payment of money in West Virginia. It was not until that time that the delivery was complete.

We have considered the question of delivery because that is the point argued by counsel for Mrs. Diehl, but we do not wish to lose sight of the fact that under the general rule, and in the absence of indicia of a contrary intention, the law of the place of performance of a contract should measure the rights of the parties to it. Deins' Adm'r v. Gibbs, supra.

Judgment reversed.