**Lora Jean SMITH, Plaintiff,**

v.

**W. B. STONE and Betty Call Stone, Defendants.**

**No. 633.**

United States District Court
E. D. Kentucky,
Pikeville Division.

Jan. 4, 1962.

Thurman L. Hibbitts, Pikeville, Ky., for plaintiff.

Francis M. Burke, Pikeville, Ky., for defendants.

SWINFORD, District Judge.

In 1953, the plaintiff, Lora Jean Smith, her husband, Jack Smith, and the defendants, W. B. Stone and Betty Call Stone, husband and wife, entered into the formation of a corporation known as the Stone & Smith Coal Company, Inc. Of the fifty shares of stock issued by the corporation, Lora Jean Smith owned twenty-four shares, her husband, Jack Smith, one share, the defendant, Betty Call Stone, twenty-four shares, and her husband, W. B. Stone, one share. The purposes of the corporation were to conduct a coal business in Buchannan County, Virginia, which comprised the operation of a ramp for the receiving and shipping of coal. The entire coal operation was in the State of Virginia. Much of the business, including banking, bookkeeping, etc., was conducted by the corporation at Pikeville, Kentucky.

In August of 1958, the plaintiff, Lora Jean Smith, sold to the corporation all of her stock for the total sum of $16,000. This sum was paid to her as follows: six thousand dollars by cash and a certain amount of machinery; the balance of $10,000 was represented by two notes of $5,000 each, dated August 31, 1958, and due and payable in one and two years from date. The notes were signed Stone and Smith Coal Company, Inc., W. B. Stone, President, and attested Betty Call Stone, Secretary. The notes were made payable at the Citizens Bank of Pikeville, Pikeville, Kentucky, and were to bear no interest.

According to the testimony of the plaintiff, after both notes became due, she sent her husband, Jack Smith, from Grundy, Virginia, to Pikeville, Kentucky, with the notes and with a direction to have them signed as surety and endorsed on the back by Betty Call Stone. Jack Smith, under this direction, called on the defendant, Betty Call Stone, and upon threatening her that the corporation would be sued, the defendant, Betty Call Stone, endorsed the notes on the back thereof by signing her name. The record is not clear but apparently she also signed her name on the face of the notes as surety. It is not material to a decision of this case but there is also evidence that the plaintiff, Mrs. Smith, was at the home of the defendant, Betty Call Stone, at the time the notes were signed but was not in the room at the time.

Before taking up the case for decision, I call attention to the condition of the record which is rather confusing.

The action is brought against W. B. Stone and Betty Call Stone. There is nothing in the record to connect W. B. Stone, even remotely, with a personal liability on these notes and the action as to him should be dismissed.

On June 5, 1961, the plaintiff filed a motion for summary judgment against the defendant, Betty Call Stone, individually, and also against the Stone and Smith Coal Company, Inc. Since the Stone and Smith Coal Company, Inc., is not named in the caption of the complaint and has not been brought in by amendment, the court can consider no claim against it and the motion for summary judgment against the corporation must be dismissed.

The corporation has either been unwilling or unable to pay the notes and this action is brought against Mrs. Stone as an endorser and surety, for which the plaintiff contends she is liable under the laws of the State of Virginia, or in the alternative that she, by executing the endorsements to prevent court proceedings against the corporation, of which she was a major stockholder, became primarily liable as a principal. There is also a claim made for $22 for a tire which was placed

on one of the corporation's jeeps and a further sum of $14 for a freight bill which was charged to the corporation. These claims will be considered in the order stated.

On June 2, 1961, the parties made a joint motion for summary judgment and the court will consider that motion and also consider the case as if on final submission.

Jack Smith presented the notes, had them signed by Betty Call Stone and took them into his possession for delivery to the plaintiff. Whether he delivered them to her in Pikeville, Kentucky, where she apparently was at the time of the execution of the endorsement, or delivered them to her in Virginia is immaterial. Jack Smith was the plaintiff's agent and a delivery to him by Betty Call Stone, after her endorsement, was a delivery to his principal, the plaintiff. The notes on their face recited that they were to be paid in Pikeville, Kentucky. Therefore, the whole transaction, execution, delivery and consummation by payment took place or was contracted to take place in Kentucky. The law of Kentucky, which is also now the forum, determines the rights of the parties.

Under the general rule and in the absence of a clear showing of contrary intention, the law of the place of performance of a contract measures the rights of the parties. Twentieth Street Bank v. Diehl, 260 Ky. 359, 85 S.W.2d 865; Cloud v. Hug, Ky., 281 S.W.2d 911, 54 A.L.R.2d 1049; R. S. Barbee & Co. v. Bevins, Hopkins & Co., 176 Ky. 113, 195 S.W. 154; Deins' Administrator v. Gibbs, 257 Ky. 469, 78 S.W.2d 346. See, also, for a ruling by a Virginia court upholding this same principle, In re Lincoln Industries, D.C., 166 F.Supp. 240, 243.

By Kentucky law, a married woman, under facts disclosed by the record in this case, cannot be held liable as surety on an obligation of another. KRS 404.-010(2); Swafford v. Manning, Ky., 272 S.W.2d 339. The defendant, Betty Call Stone, endorsed these notes as surety but because of her marital status at the time of the endorsement she is not liable on the notes.

The second claim of the plaintiff in which she undertakes to make the defendant, Betty Call Stone, liable as a principal cannot be sustained. There is implication in the argument of counsel that the corporation was merely a veil or shell fraudulently erected to cover the personal operations of the defendant, Betty Call Stone. It is implied that the corporation was set up only for the protection of the stockholders. It is pointed out that that is, in a large measure, the reason for the chartering of all corporations; that is, to limit liability for either contractual or tort obligations. Courts of equity have set aside corporate structures where it has been alleged and proved that such corporations were organized for the sole and fraudulent purpose of engaging in speculative or fraudulent enterprises. In other words, individuals cannot violate the law in the name of the corporation and escape personal liability to those who have suffered by reason of the unlawful scheme. Anderson v. Abbott, 321 U.S. 349, 64 S.Ct. 531, 88 L. Ed. 793. There is nothing of that kind in this case and the plaintiff's claim cannot be sustained on that theory.

The court is further of the opinion that the jurisdiction of this court has not been established by the proof. Before jurisdiction of a federal court can be invoked it must be alleged and proved, among other things, that the amount in controversy exceeds the sum of $10,000 exclusive of interest and costs. The aggregate of the notes sued on was $10,000. There is no proof at all of any right which this plaintiff had to demand from either of the named defendants the sum of $36 for materials furnished by the plaintiff. It is established beyond doubt that the claim for the tire and freight was solely against the corporation.

An order in conformity with this opinion is this day entered.