Raymond L. Wilkes, J.
It is a truism of the law that the routine so often generates the unforeseen. So it is with this somewhat pedestrian application to amend a caption.
A stipulation of settlement had been entered into between the original parties to this action and upon the eventual default of the defendant pursuant to its terms, judgment was entered against him. However, two others (one a corporation) also signed that stipulation as guarantors and consented to having judgment entered against them, without notice, in the event of the defendant’s default. The plaintiff now moves for “ an order pursuant to Sec. 2001 of the CPLR, correcting the caption of this action by changing the name of the defendant from Alfred Cosentino to Alfred Cosentino, Santo Cosentino and Central Paving Corp., on the grounds that, among others, such correction is in the interest of justice and will not prejudice a substantial right of any party and for such other and further relief as the court may deem just and proper.”
The plaintiff’s commendably understandable purpose is to eventually embrace the two guarantors within the toils of its judgment. The thrust of the moving party is that “ through inadvertence ’ ’ it did not include the guarantors in the judgment heretofore entered, and “ that since the two parties consented *614 to judgment, needless duplication will be avoided by the proposed amendment ’
The plaintiff has served only the defendant Alfred Cosentino’s attorney with a copy of these moving papers. The two guarantors have received no notice of this application upon the premise that the stipulation obviated the need therefor. The defendant’s attorney, in his opposing affidavit, avers, in sum, that he was never retained by the guarantors, although he was aware that the stipulation which they executed had been entered into.
The manifest intendment of CPLR 2001 is that after jurisdiction has been obtained subsequent irregularity may be corrected. (3 Carmody-Wait 2d, New York Practice, § 23:3.) It naturally follows that acquisition of jurisdiction is an indispensable requisite to the exercise of the power which the plaintiff seeks to have the court assert upon this application. (See Wolford v. Copelon, 242 App. Div. 91 [1934]; Northwest Eng. Co. v. Rapp, 132 Misc. 497 [1928].)
It is transparently clear that this court has never had, and indeed, still does not have, jurisdiction against the two guarantors, unless, their action in signing the stipulation can be construed to mean that they thus submitted themselves to its jurisdiction. However, with reference to that possibility, CPLR 3215 (subd. [h]) reads: “"Where, after commencement of an action, a stipulation of settlement is made ” and clearly contemplates pendency of an action in which jurisdiction has been perfected against those towards whom judgment is directed. In addition, David D. Siegel, in his “ Supplementary Practice Commentary” (McKinney’s Cons. Laws of N. Y., Book 7B) to CPLR 3215 (subd. [h]), which was added by amendment in 1966 upon the recommendation of the Judicial Conference, says: “ First, it requires the pendency of an action. If no action has been commenced in a case where a qualified stipulation has been entered into, perhaps the provision will be satisfied merely by the plaintiff’s commencing an action now. If he does so, it would perhaps be best to wait until defendant has answered, or the answering time has expired, before seeking judgment on the stipulation. The statute would appear to contemplate the pendency of an action in which jurisdiction has been perfected.”
Equally unfortunate, from the plaintiff’s point of view, must be the conclusion that this stipulation cannot be treated as a judgment by confession or consent under CPLR 3218, since it obviously fails to satisfy the statutory requirements therefor, not the least significant of them being, that in order for a judg *615 ment by confession to be entered, it is necessary that there be an affidavit executed by the defendant sought to be charged.
As to the guarantors of the stipulation herein, jurisdiction over them by this court is patently lacking, and since there is neither an action pending against them which satisfies the requirements of CPLR 3215 (subd. [h]), nor a valid confession of judgment pursuant to the requirements of CPLR 3218, this motion must regrettably be denied.