691 P.2d 1217

**Gary CATLEDGE and Patricia Catledge, husband and wife, Plaintiffs-Respondents,**

v.

**TRANSPORT TIRE COMPANY, INC., an Idaho corporation, Defendant-Appellant,**

and

**William Harold Crowley and Jane Roe Crowley, husband and wife, Defendants.**

No. 15230.

Supreme Court of Idaho.

Dec. 5, 1984.

Rehearing Denied Dec. 31, 1984.

R.B. Kading, Jr., Scott D. Hess, and Mark S. Geston, of Eberle, Berlin, Kading, Turnbow & Gillespie, Chartered, Boise, for defendant-appellant.

Larry Clyel Berry, of Pike & Berry, Chartered, Twin Falls, for plaintiffs-respondents.

SHEPARD, Justice.

Plaintiffs-respondents Catledges received a default judgment in the amount of $107,347 against Transport Tire Company, Inc., in a claim arising out of a motor vehicle accident. The sole issue in this appeal is the district court's denial of Transport Tire's motion to set aside the default judgment. We affirm.

On April 1, 1980, Patricia Catledge sustained injuries and damage as a result of a collision between the car she was driving and a truck owned by Transport Tire Company and driven by William Crowley, an employee of Transport Tire. The Catledges retained counsel, who ascertained from the accident report that Prescott & Craig, Inc. was the insurance agency for Transport Tire. During July 1981, counsel for Catledge confirmed through Leroy Craig that Prescott & Craig was the agent who sold Transport Tire the vehicular liability insurance policy in force on the date of the accident. That same day counsel wrote Craig attempting to initiate settlement negotiations. That letter was not answered and counsel for Catledge was unable to obtain any information during an August 1981 call to Craig regarding the settlement proposal. Craig refused to reveal the address of the insurance carrier, but indicated he was channeling the correspondence to the carrier.

Since counsel had received no response to settlement attempts, the Catledges filed suit against Transport Tire and Crowley on September 2, 1981. Harry Smookler was president, general manager and sole shareholder of Transport Tire, and he was personally served with summons and complaint on September 10, 1981. Crowley could not be located and the process directed to him was returned "Not Found" in November 1981. Smookler sent the summons and complaint, together with a letter to Thelma Thompson, office manager at Prescott & Craig, stating, "Kindly advise,

as this has to be answered within twenty days." According to Smookler, he never received an answer to that letter from Prescott & Craig, and believed the agency was handling the matter. Transport Tire did not retain an attorney nor did it answer the complaint.

On November 5, 1981, counsel for Catledge sent Craig a letter and a photocopy of the complaint, advising that Transport Tire had been served approximately 20 days earlier and stating:

"[Y]ou are hereby formally put on notice that I fully intend to make application to the court for default judgment pursuant to the statute. My sole purpose in affording you this notice is to avoid any claims upon the insurance company's, or your, behalf to the effect that you had no notice of the pending litigation or the consequences of your inaction with respect to [sic] thereto."

Counsel for Catledges received no response to that letter.

Shortly thereafter, counsel for Catledges ascertained that Transport Tire was no longer carrying on business, was insolvent, and had between $600,000 and $800,000 worth of judgments pending against it. On December 4, 1981, more than 80 days after service of process, counsel for Catledge had not been able to reach Smookler and had received no communication from the insurance carrier, and he again telephoned Craig.

On May 26, 1982, counsel for Catledges filed an application for default judgment. That application did not contain an address for Transport Tire. On May 28, 1982, a default judgment was entered against Transport Tire in the amount of $107,347, for medical costs, car damages, lost wages, pain and suffering, and loss of consortium. On June 1, 1982, the clerk of the court mailed a notice of entry of default judgment to Transport Tire, addressing the documents to Mr. Smookler at Route 4, Box 162, Jerome, Idaho. That address had been obtained by counsel for Catledge from the Idaho Secretary of State's office, which listed that address for Smookler as the designated agent for the receipt of service of process. The same address was listed in the complaint of Catledge.

The notice of entry of default judgment was returned to the clerk of the court marked "not deliverable as addressed—unable to forward."

The actual location of Smookler's residence had not changed, but apparently the post office, in April of 1980, had instituted a change in the Jerome delivery addresses, and after June 1, 1981, the post office made no deliveries under the old addresses except as to certified mail or in cases where an address correction was requested. Neither the Catledges nor their counsel were aware of the post office's change of delivery addresses, nor were they aware that the notice of default judgment had been returned to the clerk of the court as non-deliverable. As of that time, no change had been made as to the address for Smookler in the office of the Secretary of State.

On December 3, 1982, counsel for Catledge wrote Craig requesting that Craig's principals correspond with counsel relative to the matter of the default judgment. A copy of the default judgment was enclosed. Counsel for Catledge received no response. Counsel for Catledge was concerned as to whether there was a defect in insurance coverage and whether Transport Tire was judgment proof and therefore subpoenaed Craig and Smookler in January 1983, to take their depositions. Both Craig and Smookler canceled their appearance at those depositions. On February 22, 1983, counsel for Catledges called Craig, who advised counsel for the first time that inquiries should be addressed to a representative of National Indemnity. Approximately a week later, counsel for Catledges was contacted by counsel for National Indemnity who advised that there was a potential insurance coverage problem in the case and also requested copies of the files of counsel for Catledges, because the Craig file had been lost. Counsel for Catledges complied by forwarding a copy of his file, but again there was no response. In April 1983, counsel for Catledges sent defense counsel a request that some action be taken.

On May 12, 1983, nearly a year after the entry of default, and approximately 20 months after the initiation of suit and service of process, counsel for Catledges received a copy of Transport Tire's motion to set aside the default judgment pursuant to I.R.C.P. 60(b). On September 2, 1983, the court denied the motion to set aside the default judgment.

■ A party seeking relief from a final judgment under the provisions of I.R.C.P. 60(b) must bring a motion therefor within the applicable time period and assert facts which bring the case within the purview of the rule. *See Compton v. Compton,* 101 Idaho 328, 612 P.2d 1175, (1980); *Hearst Corp. v. Keller,* 100 Idaho 10, 592 P.2d 66 (1979). In the instant case Transport Tire brought its motion for relief asserting mistake, inadvertence, surprise, or excusable neglect under the provisions of I.R.C.P. 60(b)(1); upon allegations of fraud, misrepresentation, or other misconduct of an adverse party under I.R.C.P. 60(b)(3); upon assertion that the judgment was void under I.R.C.P. 60(b)(4); upon "any other reason justifying relief from the operation of the judgment," under the provisions of I.R.C.P. 60(b)(6); and also upon allegations that the judgment was the result of a fraud upon the court.

■ I.R.C.P. 60(b)(1)(3) and (6) are unavailable to Transport Tire. The rule itself specifically limits the time within which a motion based on those grounds must be made to six months. Here Transport Tire's motion was brought well beyond the six month time limitation. The district court is only vested with discretion to set aside a default judgment if the moving party has complied with the guidelines and the time for taking any such action pursuant to I.R.C.P. 60(b) may not be extended by either the parties or the court. I.R.C.P. 6(b).

■ Transport Tire urges that the above time limitation should be waived as a result of the failure of counsel for Catledge to comply with the I.R.C.P. 55(b)(2) requirement of providing Transport Tire written three-day notice of the application for default judgment and of certifying on the application the address most likely to give

Transport Tire notice of such default. We do not agree. Noncompliance with the rule was at best technical and at worst constitutes harmless error which must be disregarded in accordance with I.R.C.P. 61. The requirement of a three-day notice to a party that default judgment will be sought against him, I.R.C.P. 55(b)(2), is triggered only when that party or his representative has appeared in the action. An appearance triggering the requirement of the three-day notice has been broadly defined and conduct on the part of the defendant which indicates an intent to defend against the action can constitute an appearance within the meaning of the rule. *Newbold v. Arvidson,* 105 Idaho 663, 672 P.2d 231, (1983). Here, however, the record shows no such conduct, but rather it only reveals Transport Tire to be an unresponsive party who never answered the complaint or, insofar as the record indicates, retained an attorney to handle the matter, although it does indicate that Smookler, the president and sole shareholder of Transport Tire, was aware that the complaint had to be answered within 20 days. Transport Tire never initiated any contact with the Catledges or their attorney and never expressed any interest in defending the claim.

■ Craig was not a "representative" of Transport Tire entitled to any such three-day notice of intent to apply for default judgment. While counsel for Catledges corresponded with Craig, both in writing and verbally, following the accident, he did so only because of the problems in reaching Smookler, as well as to attempt to notify the ultimately financially responsible carrier. None of that communication was initiated by Craig. While notice to Craig was not required, he was apprised of the intent to proceed to default judgment.

■ The Catledges concede that they failed to certify an address most likely to give notice of default judgment to Transport Tire on the application for default. The clerk of the court did mail a notice of default pursuant to I.R.C.P. 77(d) to Transport Tire's address as listed in the Catledges' complaint and as listed as a matter of record with the office of the Secretary of State. That mailing was legally sufficient.

Neither Catledges nor their counsel were aware of the post office's change of address or that the notice of default judgment had been returned to the clerk of the court as undeliverable. We hold that the omission of a certification of address by the Catledges was harmless error as the court in fact used the same address as would have been stated in a certification of address, *i.e.*, the address contained on plaintiff's complaint which in turn was obtained from the records of the office of the Secretary of State.

▮ Transport Tire asserts that the trial court abused its discretion in not setting aside the default judgment as being void pursuant to I.R.C.P. 60(b)(4). A motion to set aside a default judgment is addressed to the sound legal discretion of the court and will not be reversed unless an abuse of discretion clearly appears and such motion must be made within "a reasonable time." *Newbold v. Arvidson*, 105 Idaho 663, 672 P.2d 231 (1983); *Nelson v. Property Management Services*, 105 Idaho 578, 671 P.2d 1041 (1983). To hold that a judgment is void, there generally must be some jurisdictional defect in the court's authority to enter judgment, because the court lacks either personal jurisdiction or subject matter jurisdiction. *First Security Bank v. Neibaur*, 98 Idaho 598, 570 P.2d 276 (1977). Here Transport Tire has not alleged any facts supporting the existence of a jurisdictional defect. Instead, it urges that failure to provide the 55(b)(2) three-day notice of application for default renders the judgment void. However, as noted above, Transport Tire had not appeared in the action, was not entitled to the three-day notice, and the attempted mailing of a copy of the judgment by the clerk of the court was legally sufficient. We find no abuse of discretion in the court's refusal to set aside the default judgment as being void.

▮ Transport Tire's motion to set aside the default was made within the one year time limitation for relief based upon allegations of "fraud upon the court." However, Transport Tire has failed to establish any such fraud. *See Compton v. Compton*, 101 Idaho 328, 334, 612 P.2d

1175, 1181 (1980); *Willis v. Willis*, 93 Idaho 261, 460 P.2d 396 (1969). As stated in *Compton, supra,* quoting *Hazel-Atlas Glass Co. v. Hartford Empire Co.*, 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), *rev'd on other grounds, Standard Oil Co. of California v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976), "Apparently such fraud will only be found in the presence of such tampering with the administration of justice as to suggest 'a wrong against the institutions set up to protect and safeguard the public...'."

Since Transport Tire has not met the requirements of I.R.C.P. 60(b) for the setting aside of a default judgment, the question of the existence of a meritorious defense need not be addressed. *See, e.g., Reeves v. Wisenor*, 102 Idaho 271, 629 P.2d 667 (1981).

The order of the district court denying Transport Tire's motion for relief from the judgment is affirmed. Costs and attorney's fees to respondents.

DONALDSON, C.J., and HUNTLEY, J., concur.

BAKES, J., concurs in the result.

BISTLINE, Justice, specially concurring.

The importance of the case suggests that some additional observations of my own may be in order.

Not only did Transport Tire not retain an attorney nor answer the complaint, it rather apparently made no effort to keep abreast of the pending litigation, nor ascertain that anyone else was doing so for it. Moreover, there is another facet of the case which is damaging to the application to set aside the default. Not only are there the time constraints of the Court's rules, but there has always been the rule of case law requiring prompt action once the default has been discovered. A party seeking relief is not necessarily entitled to consume all of the rule-set time period, but should move with reasonable alacrity.

In *Stoner v. Turner*, 73 Idaho 117, 247 P.2d 469 (1952), the defendant's motion was filed 33 days after learning of the default and engaging counsel, a factor which this

Court considered in directing that the default be set aside. The Court of Appeals' standards set in *Avondale v. Hall,* 104 Idaho 321, 327, 658 P.2d 992 (1983), if applied here, would also preclude any reversal.