710 P.2d 618

**COLLIER CARBON & CHEMICAL CORPORATION, a corporation; Kellogg's, Inc., an Idaho corporation; and Union Seed Company, an Idaho corporation, Plaintiffs-Respondents,**

v.

**CASTLE BUTTE, INC., an Idaho corporation; and Johnathan L. Ellsworth, Grant R. Ellsworth and Cecelia Ellsworth, the Statutory Trustees of K.C. Farms, Inc., a defunct corporation, Defendants,**

**and**

**Jonathan L. and Cecelia Ellsworth, husband and wife, Appellants.**

**No. 15627.**

Court of Appeals of Idaho.

Nov. 20, 1985.

James R. Gillespie and Howard W. Carsman (argued), Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for appellants.

James A. Schiller, Schiller & Schiller, Nampa, for plaintiffs-respondents.

McFADDEN, Judge, Pro Tem.

This is an appeal by Jonathan L. and Cecelia Ellsworth from an order denying their motion to set aside a judgment which had been entered against them. Because the Ellsworths had not been named individually as defendants in the action, they contend judgment should not have been entered against them personally. We agree and reverse the order refusing to set aside the judgment.

The underlying action was instituted by the plaintiffs (Collier Carbon & Chemical Corp.; Kellogg's, Inc.; and Union Seed Company) against the defendants (Castle Butte, Inc.; Grant R. Ellsworth, Jonathan L. Ellsworth and Cecelia Ellsworth, as the statutory trustees of K.C. Farms, Inc., a defunct corporation).[1] Among other items, the complaint sought to recover the value of goods and services furnished to the defendants. Neither Jonathan L. nor Cecelia Ellsworth were ever named as defendants in their individual capacity. After the defendants named in the complaint had filed an answer, a stipulation for entry of judgment was executed by counsel for the plaintiffs and the defendants.[2] In this stipulation it was agreed that a judgment be entered against the defendants for specified amounts in favor of the plaintiffs. In particular, it was stipulated that the judgment would be against the Ellsworths "as individuals, jointly and severally." The stipulation provided that the judgment was to be paid in three equal annual installments, the first of which was due in December 1983. The judgment was to bear no interest if the installments were timely made, but in the event of default the balance due would be accelerated and bear statutory interest. Judgment was entered in January 1983, in accordance with the provisions of the stipulation.

In January 1984, the Ellsworths filed a motion under I.R.C.P. 60(b)(4) to set aside the judgment insofar as it applied to them in their individual capacity. This motion was based on the contention that they had not been named as parties in their individual capacity when the suit was instituted and, hence, the judgment against them as individuals was void. They submitted an affidavit from the defendants' counsel which indicated that counsel did not submit the proposed stipulation to the Ellsworths for approval. The trial court denied the Ellsworths' motion and this appeal followed.

On appeal, the Ellsworths argue that a valid judgment cannot be entered against individuals that were not named as defendants in a civil action. Since no action was commenced against the Ellsworths as individuals, they contend that the judgment could not be entered against them. The plaintiffs counter that a valid judgment can be entered against persons not named as defendants, when those persons stipulate for entry of a judgment against themselves. The plaintiffs also insist that when individuals stipulate to judgment against themselves, they invite error, and therefore are estopped from asserting such error as grounds for reversal.

A motion under Rule 60(b) to set aside a judgment is addressed to the sound discretion of the court and will not be reversed unless an abuse of discretion is clearly apparent. *Catledge v. Transport Tire Co.*, 107 Idaho 602, 691 P.2d 1217

---

1. To avoid any misunderstanding as to the designation of the parties, where used herein "defendants" will include Castle Butte and the Ellsworths in their statutory capacity. Reference to the "Ellsworths" will mean Jonathan L. and Cecelia Ellsworth in their individual capacity.

2. Present counsel did not represent the Ellsworths until after the judgment was entered.

(1984). "To hold that a judgment is void, there generally must be some jurisdictional defect in the court's authority to enter judgment...." *Id.* at 607, 691 P.2d at 1222. We conclude that the trial court abused its discretion in denying the motion to set aside the judgment, insofar as it applied to the Ellsworths in their individual capacity, because the court lacked jurisdiction initially to enter such a judgment.

Rule 3(b) of the Idaho Rules of Civil Procedure requires the capacity of the respective parties be designated in the action. That rule states:

> Any civil action for or against a person in his individual capacity shall designate such person by his name and any action against a person in his representative capacity shall indicate the nature of his representative capacity for which the person is made a party to the action. Provided, all civil actions by or against a ... corporation, shall designate such party in its ... corporate name only, and individuals constituting the officers ... of corporations, shall not be designated as parties in any capacity unless the action is brought against them individually
> ....

Further, Rule 3(a) explicitly requires the filing of a complaint which designates the plaintiff and the defendant. It also states in pertinent part: "No claim, controversy or dispute may be submitted to any court in the state for determination or judgment without filing a complaint or petition as provided in these rules...."

Other jurisdictions have held that a judgment cannot be entered against a person not named in the complaint. *Carrigan v. California State Legislature,* 263 F.2d 560 (9th Cir.), *cert. denied,* 359 U.S. 980, 79 S.Ct. 901, 3 L.Ed.2d 929 (1959); *Delaware Valley Equipment Co. v. Granahan,* 409 F.Supp. 1011 (E.D.Pa.1976); *Smith v. Stone,* 202 F.Supp. 11 (E.D.Ky.1962); *McDonnell v. Southern Pacific Co.,* 79 Ariz. 10, 281 P.2d 792 (1955). Idaho has held that officers of a corporation who are sued in their capacity as statutory trustees are not personally liable. *Smith v. Great*

*Basin Grain Co.,* 98 Idaho 266, 561 P.2d 1299 (1977). Other jurisdictions have held that when an action is brought against persons only in their capacity as statutory trustees, judgment cannot be entered against them as individuals. *Brummit v. O'Fallon Brothers Construction Co.,* 671 S.W.2d 441 (Mo.Ct.App.1984); *Smith v. Owens,* 397 P.2d 673 (Okla.1963).

The court in *Asphalt Pavers Inc. v. Cosentino,* 53 Misc. 2d 613, 279 N.Y.S.2d 630 (D.C. 4th Dist.1967), held that a consent judgment or stipulated judgment which seeks the entry of a judgment against persons not already named as defendants in an action, is *void.* In that case a stipulation of settlement was entered into between the original parties to the action. The defendant eventually defaulted and the terms of the settlement judgment was entered against him. However, two others (one a corporation) also signed the stipulation as guarantors and consented to having judgment entered against themselves without notice if the defendant defaulted. The plaintiff moved for an order to add the guarantors as defendants under the caption of the action. The issue before the court was whether the guarantors' consent to the stipulation gave the court jurisdiction over them. The court held that an action had not been commenced against the guarantors. The court concluded that persons who were not "parties" to the action, do not submit to the court's jurisdiction merely by virtue of their entry into a stipulation which consents to a judgment against them. *Id.* 279 N.Y.S.2d at 632.

The plaintiffs challenge the applicability of *Asphalt Pavers* pointing out that the court there relied upon certain New York statutes which authorized the entry of stipulated judgments and also proscribed the statutory requirements for confessed judgments. The rationale of the New York court in *Asphalt Pavers,* is not dependent upon the statutes mentioned in that opinion. The New York trial court never had jurisdiction against the two guarantors because they were not parties to the action, which is an essential element for the entry

of a valid judgment against them. In that case two different situations were discussed: (1) after an action was filed not naming the guarantors as parties, they later executed a "stipulation of settlement"; and (2) a statute required a "confession of judgment" be specifically executed and such instrument was not executed in that case.[3]

The plaintiffs assert that, nonetheless, the Ellsworths entered into a stipulation which caused the court to enter the very judgment the Ellsworths now seek to vacate. Plaintiffs contend that the Ellsworths should be estopped from denying the validity of the judgment. The cases they cite for this proposition, however, recognize that such rule is not applicable when the attack on the judgment is based on a jurisdictional foundation.

In the instant case, the trial court never obtained jurisdiction over the Ellsworths in their individual capacity. The order of the trial court denying the Ellsworths' motion to set aside the judgment is reversed and the case remanded with directions to the trial court to vacate the judgment insofar as it imposes any liability upon Jonathan L. and Cecelia Ellsworth in their individual capacities. Costs to the Ellsworths. No attorney fees on appeal.

WALTERS, C.J., and SWANSTROM, J., concur.

---

**3.** Similarly, at one time Idaho law also provided a procedure for submitting a controversy to a court for entry of judgment upon a stipulation or a confession for judgment, "without action," *i.e.,* without filing suit. This statutory procedure has been abolished. *See* I.C. §§ 10–901 to –904, 10–1001 to –1003 repealed by 1975 Idaho Sess. Laws, ch. 242, § 1.