896 P.2d 327

**WEYYAKIN RANCH PROPERTY OWN-ERS' ASSOCIATION, INC., an Idaho non-profit corporation, Plaintiff–Respondent,**

v.

**CITY OF KETCHUM, a municipal corporation, Defendant–Appellant.**

**CITY OF SUN VALLEY, a municipal corporation, Plaintiff–Intervenor–Respondent,**

v.

**CITY OF KETCHUM, a municipal corporation, Defendant–Appellant.**

No. 20579.

Supreme Court of Idaho,
Twin Falls, March 1995 Term.

June 2, 1995.

Hawley Troxell Ennis & Hawley, Ketchum, for appellant.

Rosholt Robertson & Tucker, Twin Falls, for respondent.

Kneeland Korb & Collier, Ketchum, for intervenor-respondent.

Before McDEVITT, C.J., JOHNSON, TROUT and SCHROEDER, JJ. and TRANSTRUM, J. (Pro Tem.)

### ON THE BRIEFS

PER CURIAM.

This is an appeal from a finding of contempt and a subsequent order requiring the city council and mayor of Ketchum (Ketchum elected officials) to pay the attorney fees and costs of the Weyyakin Ranch Property Owners' Association (Weyyakin), pursuant to I.R.C.P. 54(e)(1), I.C. §§ 12–121, 7–601, 1–1901, and 1–1902. The trial judge also imposed a monetary sanction of $500.00 against the Ketchum elected officials for contempt, which sanction was then suspended.

### I. BACKGROUND

This contempt action arose from efforts by both the City of Ketchum and the City of Sun Valley to be the first to annex the Weyyakin subdivision. On March 3, 1993, the Ketchum elected officials adopted Ordinance No. 604 which annexed the Weyyakin subdivision, amended Ketchum's comprehensive plan, and amended the zoning ordinance. On March 5, Weyyakin filed suit for injunctive relief and applied for a temporary restraining order (TRO), claiming that Ketchum had not followed the correct procedures for annexation.[1] The trial court issued the first TRO on March 5, which prohibited Ketchum from proceeding with the annexation of the Weyyakin subdivision until a decision was made on the preliminary injunction. Upon

---

1. Specifically, the council changed the zoning classification of one of the properties being annexed by Ordinance No. 604. The complaint alleged that the city council did not re-notice those changes after it made the decision to make the changes. The complaint alleged a violation of I.C. § 67–6525.

**2**

receiving a facsimile of the TRO, one day after it was issued, Ketchum's attorney requested a hearing to dissolve the TRO.

At the hearing, Weyyakin indicated that its real purpose in obtaining the TRO was to stop publication of Ketchum's ordinance annexing the subdivision. The Ketchum elected officials asked the trial court if all annexation efforts were halted, because they did not want the City of Sun Valley to obtain an advantage in the annexation process. The trial court indicated that the TRO was to stop publication of the ordinance, but nothing precluded the Ketchum elected officials from starting over and annexing the Weyyakin subdivision by following the correct procedure. After the hearing, the judge issued an amended TRO which added a discussion on irreparable injury, but did not elaborate further on the scope of the TRO.

Following the issuance of the amended TRO on March 8, the Ketchum elected officials did nothing more with the March 3 ordinance, but they also did not retrieve the notice of the ordinance which had been delivered to the local newspaper. Therefore, in spite of the TRO, the ordinance was published on March 17. The Ketchum elected officials, on advice of their attorney, held another meeting and using the procedures that the attorney stated were correct, began to annex the Weyyakin subdivision again on March 18. Weyyakin then proceeded with their preliminary injunction action, at which time the trial court found the March 3 ordinance void and permanently enjoined the Ketchum elected officials from annexing the subdivision until it complied procedurally with the Idaho Code.

At the preliminary injunction hearing, Weyyakin's attorney argued that Ketchum's elected officials were in contempt of the TRO and amended TRO due to the publication of the March 3 ordinance. Ketchum's elected officials maintained, however, that they had not done anything further on the March 3 ordinance and that their failure to retrieve the notice of the ordinance from the newspaper did not violate the TRO. They also argued that the amended TRO did not restrain them from utilizing the correct procedure to annex the Weyyakin subdivision. Subsequently, the trial court held a hearing

at which time it found the Ketchum elected officials in contempt for violating the TROs. The trial court imposed a fine of $500.00 on each of the Ketchum elected officials, but suspended all of it. The trial court also awarded attorney fees to Weyyakin.

The Ketchum elected officials have appealed the finding of contempt, asserting that the trial court lacked jurisdiction to hold them in contempt because the affidavits did not allege they acted willfully, and the Ketchum elected officials were not personally served nor did they have actual knowledge of the TROs. They also claim that the finding of contempt was not supported by substantial and competent evidence. Finally, they argue that the award of attorney fees was improper.

## II. ANALYSIS

We find it unnecessary to reach the appellant's arguments because the temporary restraining orders were improperly issued and, therefore, the Ketchum elected officials were improperly held in contempt. It is clear from the caption of this case that only the City of Ketchum was named as a party, rather than the Ketchum elected officials individually. I.R.C.P. 3(b) provides:

**Designation of party.**—Any civil action for or against a person in an individual capacity shall designate such person by name and any action against a person in a representative capacity shall indicate the nature of the representative capacity for which the person is made a party to the action. Provided, all civil actions by or against a governmental unit or agency, or corporation, shall designate such party in its governmental or corporate name only, and individuals constituting the officers of the governing boards of governmental units, boards or agencies or of corporations, shall not be designated as parties in any capacity *unless the action is brought against them individually or for relief under Rules 65 or 74* . . . . (emphasis added).

This action for injunctive relief pursuant to I.R.C.P. 65, as well as the temporary restraining orders, sought to enjoin the "City of Ketchum" from taking any further action

to complete the proposed annexation. The designation of the "City of Ketchum," rather than the elected officials individually, violates I.R.C.P. 3(b). Because the temporary restraining orders failed to name the elected officials individually, the trial court never obtained jurisdiction over them, and therefore did not have the authority to find them in contempt. *Cf. Collier Carbon & Chem. Corp. v. Castle Butte, Inc.,* 109 Idaho 708, 710 P.2d 618 (Ct.App.1985) (judgment against trustees was void because they were not named individually and therefore the trial court never obtained jurisdiction over them, in their individual capacity).

Thus, the temporary restraining orders were improperly issued and the finding of contempt is void. Finding no basis for the contempt, we also note there is no basis for the sanctions or the award of attorney fees. The decision of the trial court is therefore reversed.