182 P.3d 707 (2008)
In the Interest of JANE DOE, I, a child under eighteen years of age.
Jane Doe, II, Petitioner-Appellant,
v.
State of Idaho, Department of Health and Welfare, Respondent.
No. 33290.
Supreme Court of Idaho, Boise, February 2008 Term.
April 9, 2008.
Isabella Robertson, Chief Deputy Public Defender, Sandpoint, for appellant.
Hon. Lawrence G. Wasden, State Attorney General, for respondent.
W. JONES, Justice.

FACTS AND PROCEDURAL BACKGROUND
Jane Doe II (hereinafter Jane Doe), mother of N.M., appeals the denial of her motion *708 to reinstate parental rights based on newly discovered evidence. The magistrate judge, Honorable Debra A. Heise presiding, denied the motion. The district court, Honorable Steve Verby presiding, affirmed. Jane Doe appeals the decision of the district court to this Court.
N.M. (D.O.B.7/18/88), was removed from Jane Doe's home and taken into the custody of the Department of Health and Welfare on July 2, 2003 under I.C. § 16-1612. An Order of Temporary Custody was entered July 7, 2003. N.M. was placed in a foster home in October 2003. Jane Doe's parental rights were terminated on May 5, 2005. N.M.'s birth father consented to the termination of his parental rights.
A motion to reinstate parental rights due to newly discovered evidence was filed August 9, 2005 under I.R.C.P. 59(b). Following the termination of her rights, Jane Doe discovered that the foster license of the foster placement family had been revoked. The foster license was revoked due to an alleged (and later substantiated) claim of child abuse on a child in the foster home (not N.M.). A hearing was held and the motion was denied October 7, 2005. It is not disputed that the incident which prompted the revocation of the foster license, occurred subsequent to the termination of Jane Doe's rights.
The magistrate judge found that it was in N.M.'s best interest to terminate Jane Doe's parental rights. At the hearing on the motion to reinstate parental rights the magistrate judge found that any alleged new evidence did not materially change the finding that it was in the best interest of N.M. to terminate Jane Doe's parental rights. The only challenge to the termination of parental rights was based on the character and fitness of the foster family, and not on the character and fitness of Jane Doe. Further, the magistrate judge found that the motion should have been filed as an I.R.C.P. 60(b) motion, rather than an I.R.C.P. 59(b) motion, since more than 14 days had passed since the entry of judgment.
All child protection proceedings were closed by order of the court on July 19, 2006, based on the fact that N.M. reached the age of majority on July 18, 2006 and the court no longer had jurisdiction. I.C. § 16-1603. The only issue on appeal is whether the district court erred in its failure to reverse the denial of the motion to reinstate parental rights and grant a new trial based on newly discovered evidence.

STANDARD OF REVIEW
When the district court acts as an intermediate appellate court we review the district court's decision directly. Losser v. Bradstreet, ___ Idaho ___, ___ P.3d ___, 2008 WL 820025 (2008). "[T]he court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." I.R.C.P. 60(b). A new trial may be granted on the grounds of newly discovered evidence, if such evidence (1) is material to the issues, (2) is more than cumulative or impeaching, (3) will most likely change the result at trial, and (4) could not have been discovered prior to trial through the use of due diligence. Fredricksen v. Luthy, 72 Idaho 164, 170, 238 P.2d 430, 433-34 (1951).
A motion to set aside judgment is in the discretion of the trial court and will not be reversed absent a clear abuse of discretion. Collier Carbon & Chem. Corp. v. Castle Butte, Inc., 109 Idaho 708, 709, 710 P.2d 618, 619 (Ct.App.1985) (citing Catledge v. Transport Tire Co., 107 Idaho 602, 691 P.2d 1217 (1984)). A trial court does not abuse its discretion if it (1) recognizes the issue as one of discretion, (2) acts within the boundaries of its discretion and applies the applicable legal standards, and (3) reaches the decision through an exercise of reason. Sun Valley Shopping Ctr., Inc. v. Idaho Power Co., 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).
A 60(b) motion is not a substitute for an appeal, and is in the sound discretion of the trial court. Johnston v. Pascoe, 100 Idaho 414, 420, 599 P.2d 985, 991 (1979). It is not error to refuse a new trial on newly discovered evidence that is entirely irrelevant to the issue. Gaffney v. Hoyt, 2 Idaho *709 184, 10 P. 34, 37, 2 Hasb. 199, 203-04 (1886). Additionally, the newly discovered evidence must be able to produce a different result at trial. Caravelis v. Cacavas, 38 Idaho 123, 129, 220 P. 110, 112 (1923). A motion for newly discovered evidence will not be granted if the evidence was not in existence at the time of trial. Savage Lateral Ditch Users Ass'n v. Pulley, 125 Idaho 237, 245, 869 P.2d 554, 562 (1993). That is, facts which occur subsequent to trial are not considered newly discovered evidence.
The district court did not err in affirming the denial of Jane Doe's motion for a new trial based on newly discovered evidence.
Jane Doe argues that the district court erred when it failed to reverse the magistrate court and grant her a new trial based on newly discovered evidence. Jane Doe's parental rights were terminated in May 2005. In August 2005 Jane Doe discovered the foster family's foster license had been temporarily revoked due to physical abuse on another foster child. Jane Doe has not made a showing that the physical abuse on another child in the foster family is relevant to the issue of her own character and fitness as a parent. The trial court expressly stated that it was in N.M.'s best interest for Jane Doe's parental rights to be terminated. The character and fitness of the foster family goes towards the issue of whether they are fit to adopt N.M., but does not weigh on Jane Doe's fitness as a parent.
Jane Doe also argues that the magistrate court did not reach its conclusion through an exercise of reason. During the hearing on the motion to reinstate parental rights the court expressly recognized the reasons that termination of Jane Doe's parental rights were in N.M.'s best interest. The court also addressed the issue of physical abuse, and found that at the age of 17, it would not be in N.M.'s best interest to reinstate Jane Doe's parental rights. The court found that N.M. was (1) flourishing in the school and the community, (2) active in church, and (3) planning on attending college. Additionally, the court stated that the termination was a painful and emotional experience for N.M. and Jane Doe. However, at the age of 17, N.M. is in need of some sense of permanency and stability in her life, and to reinstate Jane Doe's parental rights would not be in N.M.'s best interest. It is clear that the court reached its decision through an exercise of reason by comparing all the evidence and weighing how it relates to N.M.'s best interest.
The district court did not err when it affirmed the denial of the motion for new trial based on newly discovered evidence. The magistrate court correctly found that this was a discretionary decision, it held a hearing and acted within the bounds of its discretion and applied the correct legal standards, and the court ultimately reached its decision through an exercise of reason. We cannot say that it was error for the district court to deny Jane Doe's appeal to reverse the magistrate court.
For the foregoing reasons, this Court affirms the decision of the district court.
Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON concur.